[No. 1523.]

THE GUTHEIL SUBURBAN INVESTMENT CO. ET AL. v. FAHEY.

1. APPELLATE PRACTICE—PRESUMPTIONS.
In the absence of a bill of exceptions containing the evidence, it will
   be presumed, on appeal, that the evidence was sufficient to sustain
   the judgment.
2. PRACTICE—APPEALS FROM COUNTY TO DISTRICT COURT—JUDGMENT
   AGAINST SURETIES.
On an appeal from the county to the district court from a judgment
   against the appellant where judgment in the district court is in
   favor of appellee, the court in entering up an absolute and uncon-
   ditional judgment against the sureties on the appeal bond does sim-
   ply what it is required to do by statute.  By serving a *scire facias*
   upon the sureties they are given an opportunity to show cause why
   the judgment should not be enforced against them.
3. APPELLATE PRACTICE—PRESUMPTIONS.
Where on appeal from a judgment of the district court affirming a judg-
   ment of the county court, the *scire facias* proceeding had against
   the sureties on the appeal bond from county to district court, is
   not in the record, it will be presumed that no cause was shown why
   the judgment should not be enforced against the sureties.

*Appeal from the District Court of Arapahoe County.*

Mr. GEO. A. SMITH, for appellants.

Mr. CHARLES A. BURTON, for appellee.

WILSON, J.

Plaintiff Fahey commenced suit in the county court against
the Gutheil Suburban Investment Company to recover on a
promissory note, executed by it and payable to his order.
Answer was filed admitting the execution of the note, but
setting up facts from which it was claimed that there had
been a failure of consideration.  Upon trial, judgment was
in favor of the plaintiff.  From this an appeal was taken to
the district court, and an appeal bond was executed, with
appellants Gutheil and Joslin as sureties.  When the cause

was regularly reached for trial in the district court, the defendant failed to appear, and it was taken up, and upon proof made by plaintiff, judgment was again rendered in his favor and against the investment company, defendant, and also against the appellants, Gutheil and Joslin, sureties upon the appeal bond. At the same time it was ordered by the court that a writ of *scire facias* issue against the sureties, returnable in ten days thereafter. Defendant, the investment company, excepted to the judgment, and prayed an appeal.

There are two assignments of error, one to the effect that the court erred in rendering an absolute and unconditional judgment against the sureties at the time of rendering judgment against the defendant, the maker of the note, and prior to the issuance of the writ of *scire facias* against, and service upon, the said sureties. Second, that the court erred in rendering judgment for the sum of $343.97, for the reason that it was about $6.00 in excess of the amount due on the note. As to the second assignment it is only necessary to say that there is no bill of exceptions in the case, and in the absence of the evidence, it is presumed that it was fully sufficient to sustain the findings and judgment of the court. Moreover, a simple calculation of interest upon the amount shown on the face of the note discloses that the amount of the judgment was correct.

As to the first assignment, the court in rendering judgment against the sureties in the manner in which it did, did simply what it was required to do by a mandatory provision of the statute. Session Laws, 1885, sec. 5, p. 159. By directing that a *scire facias* be issued and served upon the sureties, it gave them ample opportunity to come in and show cause why the judgment should not be enforced against them. The proceedings upon *scire facias*, if any were had, are not preserved in the record or brought before us for review, and it will therefore be presumed that the sureties made no showing as to why execution should not issue, and the judgment be enforced.

It may be a serious question as to whether or not this appeal should not be dismissed, on the ground that the sureties are not properly before this court, but we have preferred to determine the cause on its merits.　There being no error, the judgment will be affirmed.

*Affirmed.*